## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

   v.

Manuel Cornellio Coronel

November 22, 1993

Case No. (Law) 104047

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the Defendant's Motion to Set Aside an Adjudication as an Habitual Offender. Having considered the arguments and memoranda of counsel, the Court denies the motion for the reasons set forth below.

### Facts

On May 16, 1991, the Circuit Court of Fairfax County entered an order declaring Manuel Cornellio Coronel an habitual offender pursuant to § 46.2–355 of the Code of Virginia, as amended. Coronel appeared *pro se*. In reaching its decision, the court relied upon the abstract from the Department of Motor Vehicles submitted in support of the Information. The Department of Motor Vehicles abstract was served upon Coronel, together with the Information and the Rule to Show Cause. The abstract comprised two pages; the second page stated in pertinent part:

> It is further certified that the preceding convictions represent only that part of the motor vehicle record of *Keith Leon Clements*, which brings him within the definition of an "Habitual Offender" as defined in Section 46.2–351 of the Code of Virginia.
>
>    It is further certified that according to the records of the Department of Motor Vehicles the most recent address of *Keith Leon Clements* is 3356 Number 11 Woodburr Road, Annandale, Virginia 22003.

Department of Motor Vehicles abstract, p. 2 (emphasis added).

The address listed on the second page of the abstract correctly listed Coronel's address. The first page of the abstract correctly named Coronel and correctly listed four of his traffic convictions. The attached motor vehicle record in fact belonged to Coronel. However, page two of the abstract misidentified Coronel as Keith Leon Clements.

## Discussion

Coronel argues that since the second page of the Department of Motor Vehicles abstract incorrectly stated the name of another person, no abstract certifying the record of Coronel was served upon him as required by § 46.2–354 of the Code of Virginia. Coronel contends that this failure represents a jurisdictional defect in the proceeding, and therefore the proceeding must be set aside.

This Court disagrees. This Court finds it unnecessary to decide whether Coronel was properly served. Assuming, without deciding, that the error resulted in a failure to serve Coronel with a certified abstract of his record and thus was a jurisdictional defect, Coronel waived any defect when he made a general appearance and defended the Habitual Offender proceeding. § 8.01–277 of the Code of Virginia, as amended, states:

> A person, upon whom process to answer any action has been served, may take advantage of any defect in the issuance, service or return thereof by a motion to quash filed prior to or simultaneously with the filing of any pleading to the merits.

*Id.* Assuming that a defect in service existed, the Court finds that Coronel waived process by making a general appearance responding to the merits of the proceeding.

Coronel relies upon the case of *Slaughter v. Commonwealth*, 222 Va. 787 (1981), in which the Supreme Court noted that:

> a court acquires no jurisdiction over a person of a defendant until a process is served in the manner provided by statute . . . and a judgment entered by a court which lacks jurisdiction over a defendant is void as against the defendant.

*Id.* In *Slaughter*, the Supreme Court reversed an adjudication as an habitual offender due to a defect in service of process. The defendant had been served as a non-resident when in fact records revealed that he was a resident of the Commonwealth. The Supreme Court noted that

the record revealed a jurisdictional defect in the adjudication proceeding itself, and such a defect rendered the order of adjudication void *ab initio*. The Supreme Court further noted that "it is immaterial that the order was not attacked by direct appeal or by a bill in equity. 'It is conceded by all authorities that if a judgment is void it may be assailed anywhere, at anytime, in any way, by anybody. It is immaterial whether the assault be direct or collateral'." *Id*. at 793, *citing Beck v. Semones' Adm'r*, 145 Va. 429, 441 (1926).

However, *Slaughter* is distinguishable from the case at bar. In *Slaughter*, since the defendant was served as a nonresident, service was mailed to a Tennessee address, although the defendant was living in Virginia. The record contained no return mail receipt or any other evidence which would indicate that the defendant received the mailing. The defendant did not appear and contended that he had no knowledge of the show cause hearing. *Id*. at 790. The Supreme Court in *Slaughter* stated:

> Had Slaughter received notice of the adjudication proceeding, he could have made a special appearance and attacked the jurisdiction of the Richmond court. Denied that opportunity, he was entitled to make the attack collaterally in the Washington County court.

*Id*. at 794.

Here, Coronel did in fact receive notice of the proceeding and could have made a special appearance and attacked the jurisdiction of the trial court. Having failed to do so, he made a general appearance responding to the merits of the proceeding and is not now entitled to have the adjudication set aside for lack of jurisdiction.

For these reasons, the Defendant's motion is denied.